UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GUARDIAN TAX MO, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 4:22CV982 HEA |
| NATHANIEL STANCIEL, et al., | ) ) ) |
| Defendants. | ) ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand [Doc. No. 9]. For the reasons set forth below, the Court will grant the Plaintiff's Motion to Remand.

### Background

On August 5, 2022, Plaintiff Guardian Tax MO, LLC, filed this Quiet Title action in the Circuit Court of St. Louis County, Missouri, regarding a property located at 2109 Mclaran Ave, Jennings, Missouri 63136 (the "Property") against the following Defendants: Nathaniel Stanciel; Amanda Beasley; United States of America, Secretary of Housing and Urban Development (HUD); The Metropolitan St. Louis Sewer District; and City of Jennings, Missouri.

On September 20, 2022, Defendant HUD removed the matter to this Court pursuant to 28 U.S.C. §§ 1446(a) and 1442(a)(1).

Plaintiff's Petition alleged Defendant HUD may claim some interest in the Property at issue. However, Defendant HUD discovered that it did not have an interest in the Property and filed a Disclaimer of Interest [Doc. No. 8].

Based on Defendant HUD's disclaimer, Plaintiff filed the instant motion, and a consent to dismissal of Defendant HUD.

## Legal Standard

"The district courts of the United States ... are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotations omitted). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.,* 80 F.3d 257, 260 (8th Cir. 1996).

## Discussion

Defendant HUD removed this matter to this Court pursuant to 28 U.S.C. §§ 1446(a) and 1442(a)(1). A civil action commenced in a state court against the

United States, or any agency or officer thereof, may be removed to the "district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a)(1).

Because Defendant HUD has been dismissed, the Court no longer has subject matter jurisdiction over this case. None of the remaining allegations are against the United States, or any agency or officer thereof. Therefore, the Court must remand this case. *See* 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [Doc. No. 9], is **GRANTED**.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this day 18th of January, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE